Allen Moss, J.
This motion to suppress policy slips and a pistol presents a legal question on which the court has been unable to find any reported precedent. Defense counsel and the assistant district attorney say that they find themselves in similar position.
*957 Defendant is charged with promoting gambling (Penal Law, § 225.05) and possession of gambling records (Penal Law, § 225.15, snbd. 1) in the first case and with possession of a dangerous weapon (Penal Law, § 265.05) in the second (Docket Nos. A 5635 and B 10247, both in 1970). He was arrested on April 10,1970 in a grocery store at 207 Buffalo Avenue, Brooklyn, N. Y., which store he then owned and operated. His arrest followed a search of the grocery store premises pursuant to search warrant issued April 2, 1970, directing search for policy records and paraphernalia of the grocery store at 207 Buffalo Avenue “ occupied by Dolores Caraballo and of the person of Dolores Caraballo and of any other person who may be found to have such property in his possession or under his control ”. Dolores Caraballo is a male, despite his possibly misleading name. The warrant was issued upon an affidavit of the arresting officer stating (1) information from a reliable confidential informant about observed activities in the grocery store, and (2) the officer’s own observations of activities therein on March 30 and April 1, 1970. Search pursuant to the warrant disclosed the presence in the premises of 79 policy slips recording 487 plays. Defendant was in the premises and was arrested. Incident to his arrest he was searched and found to possess a .22 calibre automatic pistol (operable, but not loaded).
Defendant claims, as ground for suppression, that he acquired the grocery store by purchase from Dolores Caraballo after the date of the observations by the informant and police officer on which the search warrant was based and, therefore, (1) the change of ownership made the search unlawful, (2) defendant’s arrest for possession of the policy slips found in the premises as a result of the search was also unlawful, and (3) the search of defendant’s person incident to the arrest, which disclosed the gun, was similarly unlawful.
Defendant testified to a date of purchase of the store which he did not definitely fix but which he claimed was after the dates of all the observations of the premises on the basis of which the search warrant was issued. If true, his statement tended to give a factual basis to the claim he presents on his suppression motion.
In the opinion of the court, defendant’s claim, even if factually true, and his motions to suppress, are without any legal merit or basis whatsoever. The search warrant was validly issued and was valid when executed. It was based on a sufficient factual showing. Its validity is not questioned. Since the warrant was valid, the officer’s search pursuant to it was *958 lawful. His search disclosed in the premises described in the warrant contraband described in and to discover which the warrant was issued. When the warrant was executed the described contraband was discovered in the premises in the actual or constructive possession of defendant (People v. Eisen, 25 N Y 2d 1005), who was present in and then the owner and operator of the grocery store. Discovery of the contraband in defendant’s possession warranted his arrest. The officer’s search of defendant’s person incident-to the arrest was lawful and revealed his possession of the gun.
Every step in the procedure, every act of the police officer was proper and lawful. Defendant’s motions to suppress are denied.